**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED-ED4
03 JAN 29 PM 1:27
U.S. DISTRICT COURT
CLERK

DOCKETED
JAN 3 0 2003

|   |   |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | Case No. 02 C 5022 |
| Plaintiff, ) | |
| ) | Judge Charles R. Norgle |
| v. ) | |
| ) | Magistrate Judge Geraldine Soat Brown |
| STUFFINGFORCASH.COM CORP., a Florida ) | |
| corporation, et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING

To: Charles L. Jaffee, Esq.
1701 W. Hillsboro Blvd., Suite 303
Deerfield Beach, FL 33442

**PLEASE TAKE NOTICE** that on Wednesday January 29, 2003, Plaintiff Federal Trade Commission filed Plaintiff's Amended Complaint For Injunctive and Other Equitable Relief with the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto.

Dated: January 29, 2003

Respectfully submitted,

William E. Kovacic
General Counsel

Steven M. Wernikoff
Therese L. Tully
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, IL 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-E04
03 JAN 29 PM 1:27
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 5022 |
| ) | |
| STUFFINGFORCASH.COM CORP., a Florida ) | Judge Charles R. Norgle |
| corporation, AMERICAN PUBLISHING, INC., ) | |
| a Florida corporation, SOUND PUBLICATIONS, ) | Magistrate Judge Geraldine Soat Brown |
| INC., a Florida corporation, MAILMAX, INC., ) | |
| a Florida corporation, NELSON BARRERO, ) | |
| individually, and as an officer of one or more of ) | **DOCKETED** |
| the above companies, EDUARDO GONZALEZ, ) | |
| individually, and as an officer of one or more ) | **JAN 3 0 2003** |
| of the above companies, and ILEANA M. ) | |
| MORALES, individually, and as an officer of ) | |
| one or more of the above companies, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission") for its Complaint alleges as follows:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure temporary, preliminary, and permanent injunctive relief, restitution, recission of contracts, disgorgement and other equitable relief for Defendants' deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).



## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

3. Venue in the United States District Court for the Northern District of Illinois is proper under 15 U.S.C. § 53(b), and 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

4. Plaintiff FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including restitution for injured consumers. 15 U.S.C. § 53(b).

5. Defendant Stuffingforcash.com Corp. ("SFC") is a Florida corporation, with its principal place of business located at 18520 NW 67th Avenue, Suite 279, Hialeah, Florida 33015, and with a mailing address at 28 East Jackson, 10th Floor C-1006, Chicago, Illinois 60604.

6. Defendant American Publishing, Inc. ("American Publishing") is a Florida corporation with its principal place of business located at P.O. Box 220960, Hollywood, Florida 33022.

7. Defendant Sound Publications, Inc., ("Sound Publications") is a Florida corporation with its principal place of business located at P.O. Box 220810, Hollywood, Florida 33022.

8. Defendant Mailmax, Inc., ("Mailmax") is a Florida corporation with its principal place of business located at 14232 Southwest 48 Lane, Miami, FL 33175.

2

9. Defendant Nelson Barrero ("Barrero") is an officer and director of SFC. At all times material to this Complaint, acting alone or in concert with others, Barrero has formulated, directed, controlled or participated in the acts and practices set forth in this Complaint.

10. Defendant Eduardo Gonzalez ("Gonzalez") is an officer and director of SFC and American Publishing. At all times material to this Complaint, acting alone or in concert with others, Gonzalez has formulated, directed, controlled or participated in the acts and practices set forth in this Complaint.

11. Defendant Ileana M. Morales ("Morales") is an officer and director of Sound Publications and the sole director of Mailmax. At all times material to this Complaint, acting alone or in concert with others, Morales has formulated, directed, controlled or participated in the acts and practices set forth in this Complaint.

12. The foregoing Defendants operate together as part of a common business enterprise and transact business in the Northern District of Illinois.

## COMMERCE

13. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

14. Since at least the middle of 2001, and continuing thereafter, Defendants have offered for sale and sold purported envelope stuffing employment opportunities to consumers throughout the United States. Defendants have promoted their employment opportunities to prospective

purchasers through a variety of media, including Internet Web sites, home mailers, classified advertisements in newspapers, and unsolicited commercial email (or "spam").

15. Defendants have sent unsolicited email to numerous consumers, advertising their purported work-at-home envelope stuffing package. The body of a typical email received by consumers reads:

> CASH FOR STUFFING   EARN $720 Weekly
> Stuffing Envelopes
> FROM HOME . . .
>
> Right now our mail order company is hiring homeworker [sic] like yourself, to help us stuff our sales circulars into envelopes, helping us get ready for upcoming [sic] busy season.
>
> **We are paying our home workers $2.00 for each envelope stuffed,** according to our instructions.
>
> ~ Stuff **250** envelopes:   Get paid $500.00
> ~ Stuff **500** envelopes:   Get paid $1000.00
> ~ Stuff **1000** envelopes:  Get paid $2000.00 . . .
>
> Let me assure you that you are dealing with an honest company. . . . So, if you are looking for an extra income to relieve your financial pressures, you owe it to yourself.
>
> **Click Here to get your first check!** . . .

Defendants' spam contain a hyperlink to Web sites operated by Defendants, including www.cashforstuffing.com, www.stuffingforcash.com, www.moneyforstuffing.com, www.dollarsforstuffing.com, and www.stuffingfordollars.com.

4

16. On their Web sites, Defendants offer to pay consumers $2 per envelope stuffed, stating that consumers can earn between $720 and $2,000 per week stuffing envelopes at home for Defendants. Defendants' Web sites state:

### EARN UP TO $720 WEEKLY

Receive two dollars for every envelope you secure even if the potential client never purchases anything! That's right... we provide the circulars and envelopes... just put them together and you're making that extra money that you deserve.

CashForStuffing is proud to offer you this rare opportunity to work from the comfort of your home, on your own terms, and make a good living. Here is an example of your easy earning potential...

> Stuff 250 Envelopes......Receive $500
> Stuff 500 Envelopes.......Receive $1000
> Stuff 1000 Envelopes.....Receive $2000

Just when you thought it couldn't get any easier, it does! Not only do we provide you with the envelopes and circulars, we also Pre-Address and Pre-Stamp the envelopes.

### LET'S RECAP...

All you have to do to earn big money at home is put circulars in envelopes... THAT'S IT! ...

$2.00 for each envelope you stuff...Paychecks mailed out on Tuesdays so that you receive them by Friday...FREE SUPPLIES...EASY MONEY...START NOW AND LET 2001 BE YOUR YEAR FOR EARNING LOTS OF MONEY!

17. Defendants' Web sites further state that: "The sales letters that you will be stuffing into these envelopes will be letters promoting our mailing list business. So if you are worried that you will be stuffing chain letters, pornographic material or anything illegal, then have no fear. All our literature meets the requirements of the Federal Trade Commission."

5

18. Defendants' Web sites invite consumers to send Defendants a $45 "refundable deposit" or registration fee. Consumers may pay the $45 fee by "online check," regular check, or credit card. Consumers who pay Defendants' registration fee do not receive the envelope stuffing materials they were promised. Instead, many consumers receive nothing at all. When these consumers attempt to contact Defendants to complain about their failure to deliver the promised materials, the consumers are often unable to reach them. A toll free number provided on Defendants' Web sites connects consumers to a pre-recorded message, which instructs them to send all inquiries to one of several mail drops operated by Defendants in Chicago, New York and Florida.

19. While many consumers receive nothing from Defendants, some consumers do receive a package of materials. However, the consumers who do receive materials from Defendants do not receive what Defendants promised. Instead of receiving circulars and pre-addressed, pre-stamped envelopes to stuff them into, consumers receive a stack of flyers advertising work-at-home opportunities and a letter instructing the consumers to post the flyers in public places and to place them as advertisements in newspapers. These flyers state that individuals who are interested in obtaining information about work-at-home opportunities should send a stamped, self-addressed envelope to the consumer. When the consumer receives these stamped, self-addressed envelopes from interested individuals, he or she is then supposed to forward them to Defendants, who will in turn pay the consumer $2 for each envelope received.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

20. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce.

21. As set forth below, Defendants, individually or in concert with others, have violated Section 5(a) of the FTC Act in connection with the advertising, offering for sale, or selling of services over the Internet.

## COUNT I

22. In numerous instances, in the course of offering for sale and selling purported envelope stuffing opportunities, Defendants represent, expressly or by implication, that Defendants will provide consumers with circulars for mailing and with pre-addressed, pre-stamped envelopes to stuff.

23. In truth and in fact, Defendants do not provide consumers with circulars for mailing and with pre-addressed, pre-stamped envelopes to stuff.

24. Therefore, Defendants' representation, as set forth in Paragraph 22, are false and misleading and constitute deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

## COUNT II

25. In numerous instances, in the course of offering for sale and in selling envelope stuffing employment opportunities, Defendants represent, expressly or by implication, that Defendants will pay consumers $2 for stuffing each individual envelope provided by Defendants.

26. In truth and in fact, Defendants do not pay consumers $2 for stuffing each individual envelope provided by Defendants.

27. Therefore, Defendants' representation, as set forth in Paragraph 25, is false and deceptive, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

7

## CONSUMER INJURY

28. Defendants' violations of Section 5(a) of the FTC Act have injured, and will continue to injure consumers throughout the United States. As a result of Defendants' unfair or deceptive acts or practices, consumers have suffered substantial monetary loss. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

29. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other relief to prevent and remedy Defendants' violations of the FTC Act, and in the exercise of its equitable jurisdiction, to award redress to remedy the injury to consumers, to order the disgorgement of monies resulting from Defendants' unlawful acts or practices, and to order other ancillary equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1. Enter an order enjoining Defendants preliminarily and permanently from violating Section 5(a) of the FTC Act and freezing Defendants' assets;

2. Award such relief as the Court finds necessary to redress the injury to consumers caused by Defendants' violations of the FTC Act, including, but not limited to, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains; and

3. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: JANUARY 29, 2003

Respectfully submitted,

William E. Kovacic
General Counsel

_____
Steven M. Wernikoff
Therese L. Tully
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, IL 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Amended Complaint for Injunctive and Other Equitable Relief was served by facsimile before 4 p.m., upon the following counsel:

Charles L. Jaffee, Esq.
1701 W. Hillsboro Blvd., Suite 303
Deerfield Beach, FL 33442
Fax No. (954) 425-04444

_____
Steven Wernikoff