Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5022 | **DATE** | 1/30/2003 |
| **CASE TITLE** | FEDERAL TRADE COMMISSION vs. STUFFINGFORCASH.COM CORP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter stipulated final judgment and order for permanent injunction and consumer redress. Status hearing set for February 24, 2003 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB - 3 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | WB docketing deputy initials | 22 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| EF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
FEB 3 2003

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STUFFINGFORCASH.COM CORP., a Florida ) <br> corporation, AMERICAN PUBLISHING, INC., ) <br> a Florida corporation, SOUND PUBLICATIONS, ) <br> INC., a Florida corporation, MAILMAX, INC., ) <br> a Florida corporation, NELSON BARRERO, ) <br> individually, and as an officer of one or more of ) <br> the above companies, EDUARDO GONZALEZ, ) <br> individually, and as an officer of one or more ) <br> of the above companies, and ILEANA M. ) <br> MORALES, individually, and as an officer of ) <br> one or more of the above companies, ) <br> ) <br> Defendants. ) | Case No. 02 C 5022 <br><br> Judge Charles R. Norgle <br><br> Magistrate Judge Geraldine Soat Brown |

## STIPULATED FINAL JUDGMENT AND ORDER
## FOR PERMANENT INJUNCTION AND CONSUMER REDRESS

Plaintiff Federal Trade Commission ("Commission" or "FTC") having filed its Complaint for a permanent injunction and other relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the parties having conferred through counsel, and having agreed to settle this action without adjudication or admission of any issue of fact or law and without Defendants admitting liability for any of the violations alleged in the Complaint or for any wrongdoing whatsoever, therefore, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

### FINDINGS

1.  This Court has jurisdiction over the subject matter of this case and over the parties consenting hereto.

2. Venue is proper as to all parties in the Northern District of Illinois under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

3. The activities of Defendants are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against Defendants under Section 5 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 45(a).

5. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. They also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each settling party shall bear its own costs and attorneys' fees.

6. This Order does not constitute, and shall not be interpreted to constitute, an admission by any Defendant that such Defendant has engaged in violations of the FTC Act or any other law, nor does it constitute evidence against, or an admission by, any Defendant with respect to any issue of law or fact herein or any alleged in the Complaint.

7. This Order resolves all matters arising from the allegations in the Complaint.

8. All Attachments to this Order are part of this Order and are incorporated herein, whether or not specifically referred to.

9. Entry of this Order is in the public interest.

## DEFINITIONS

1. **"Defendants"** means Stuffingforcash.com Corp., American Publishing, Inc., Sound Publications, Inc., Mailmax, Inc., Nelson Barrero, Eduardo Gonzalez, and Ileana M. Morales, individually, and/or as officers of one or more of the above companies.

2. **"Document"** is synonymous in meaning and equal in scope to the term, as defined in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from

which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

3. **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real and/or personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

4. **"Internet"** means a worldwide system of linked computer networks that use a common protocol (TCP/IP) to deliver and receive information. The Internet includes but is not limited to the following forms of electronic communication: electronic mail and e-mail mailing lists, the World Wide Web, Web sites, newsgroups, Internet Relay Chat, and file transfer protocols thereon, and remote computer access from anywhere in the world thereto.

5. **"World Wide Web"** (the "Web") means a system used on the Internet for cross-referencing and retrieving information. A **"Web site"** is a set of electronic documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the Web, standard software, and knowledge of the Web site's location or address.

6. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

7. **"Work-At-Home Opportunity"** means any program, plan, product or service that purportedly enables a participant or purchaser to earn money by working at home.

8. **"Business Venture"** means any written or oral business agreement or arrangement, however denominated, in which a participant or purchaser, in order to generate income or revenue, pays consideration for the right or means to offer, sell, or distribute goods or services and receives advice, instruction, or assistance in connection with or incident to the establishment, maintenance, or operation of a new business, or the entry by an existing business into a new line or type of business.

9. **"Assisting Others"** means knowingly providing any of the following goods or services to another entity or person: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing, or arranging for the performance of, marketing services of any kind.

10. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11. **"Plaintiff"** means the Federal Trade Commission ("Commission").

## I. BAN ON SALE OF WORK AT HOME OPPORTUNITIES

**IT IS THEREFORE ORDERED** that Defendants, and each of their successors, assigns, agents, servants or employees, and those persons in active concert or participation with them who receive actual notice of this Final Judgment and Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are herby permanently restrained and enjoined from engaging or participating in the advertising, promotion, offering for sale, or sale of work at home opportunities.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale, sale or provision of any goods or services, including but not limited to work-at-home opportunities, Defendants, and each of their successors, assigns, agents, servants or employees, and those persons in active concert or participation with them who receive actual notice of this Final Judgment and Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and

enjoined from making or assisting in the making of, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact, including but not limited to the following:

  A. That Defendants will provide consumers with circulars for mailing and with pre-addressed, pre-stamped envelopes to stuff;

  B. That Defendants will pay consumers money or other consideration for stuffing each individual envelope provided by Defendants;

  C. About the nature of any work-at-home opportunity product or service offered or sold; and

  D. About any material term, condition, or limitation of the transaction or about the use of any offered good or service.

### III. PROHIBITION AGAINST DISTRIBUTION OF CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other information of any person who submitted information in conjunction with Defendants' business practices, *provided, however,* that Defendants may disclose such information to a law enforcement agency, to Plaintiff, or as required by any law, regulation, or court order.

### IV. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

  A. Defendants are jointly and severally liable for payment of equitable monetary relief, including, but not limited to, consumer redress and/or disgorgement, and for paying any attendant expenses of administering any redress fund, as follows:

1. Defendants shall cause the transfer of $110,000 in the form of wire transfers or certified or cashier's checks made payable to the Commission, or such agent as the Commission may direct, within ten (10) days of the execution of this Order;

2. Defendants shall forever waive, release, discharge and disclaim all right, title and interest in the money contained in the merchant account held under the name Mail Max d/b/a Stuffing for Cash at Global Payments/HSBC, Account No. 8788290006622 (approximately $44,000), and all rights to this money shall be assigned to the Commission;

3. Defendants shall assign and forever waive, release, discharge and disclaim all right, title and interest in the money contained in the business account held under the name Mail Max at iPayment, Inc./Humboldt Bank, Account No. 4223693300923228 (approximately $27,000), and all rights to this money shall be assigned to the Commission;

4. Defendants shall forever waive, release, discharge and disclaim all right, title and interest in the money returned to consumers pursuant to Section XI of the Stipulated Preliminary Injunction entered by the Court on August 22, 2002 (approximately $30,000); and

5. Defendants shall forever waive, release, discharge and disclaim all right, title and interest in the money returned to consumers by ITI Internet Services pursuant to Section IV.D of the Stipulated Preliminary Injunction entered by the Court on August 22, 2002 (approximately $10,620).

B. Any funds transferred to the Commission pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund. Defendants will cooperate fully to assist Plaintiff in making the redress fund available to

individual consumers, including providing Plaintiff with available credit card information and other consumer information.

C. In the event that Plaintiff determines that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may use any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited in the Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section.

D. In the event that Defendants default on any obligation to make payment under this Section, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment.

E. Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting any delinquent amount arising out of such Defendants' relationship with the government.

F. Defendants hereby assign all rights they may have to pursue any and all claims related to this case under any existing corporate or directors and officers liability insurance policies to the Commission.

## V. RIGHT TO REOPEN: ACCURACY OF FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that, within five (5) business days after the date of entry of this Stipulated Order, Defendants shall each submit to the Commission a truthful sworn statement (in the form shown on Appendix A to this Stipulated Order) that shall reaffirm and attest to the truthfulness, accuracy, and completeness of the financial statements submitted by Defendants, dated July 18, 2002. The Commission's agreement to this Stipulated Order is expressly premised upon the financial condition of Defendants, as represented in Defendants' respective financial statements,

which contains material information upon which the Commission relied in negotiating and agreeing to this Stipulated Order.

If, upon motion of the Commission, the Court finds that Defendants failed to file the sworn statement required by this Section, or that any Defendant failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the financial statement, the Court shall enter judgment against Defendants, in favor of Commission, in the amount of $2,000,000, less the amount Defendants have already paid to the Commission under Section IV of this Order, *provided, however,* that in all other respects, this judgment shall remain in full force and effect, unless otherwise ordered by the Court; and *provided further,* that proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including but not limited to contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Stipulated Order.

## VI. LIFTING OF THE ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the assets of Defendants ordered by the Court on July 16, 2002, and extended thereafter, shall be extinguished upon execution of Section IV and submission of the sworn statement required by Section V of this Order, as entered by the Court, and thereupon shall be lifted permanently.

## VII. WITHHHELD MAIL

**IT IS FURTHER ORDERED** that the Commission may retain and/or dispose of any mail forwarded to it from Commercial Mail Receiving Agencies pursuant to Section XI of the Court's Preliminary Injunction Order entered on August 22, 2002. In its discretion, staff for the Commission may forward any of the retained mail to any of the Defendants as deemed appropriate. Defendants shall have no right to challenge the Commission's actions under this Section.

8

## VIII. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, within five (5) business days after receipt by Defendants Nelson Barrero, Eduardo Gonzalez and Ileana Morales of this Order as entered by the Court, Defendants Nelson Barrero, Eduardo Gonzalez and Ileana Morales shall submit to the FTC a truthful sworn statement, in the form shown on Appendix B, that shall acknowledge receipt of this Final Order.

## IX. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall:

A. Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same, from each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such persons, for any business where: (1) the Defendant is the majority owner of the business or directly or indirectly manages or controls the business and (2) where the business involves the promotion, offering for sale, or sale of business ventures or the assisting of others involved in the promotion, offering for sale, or sale of business ventures; and

B. Maintain for a period of three (3) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments required in Subsection (A) of this Section.

## X. MONITORING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in connection with any business where the Defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where the business involves the promotion, offering for sale, or sale of business ventures, or the

assisting of others engaged in the promotion, offering for sale, or sale of business ventures, the Defendant is hereby permanently restrained and enjoined from:

A.  Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Sections I-III of this Stipulated Order;

B.  Failing to investigate promptly and fully any consumer complaint received by any business to which this Section applies; and

C.  Failing to take corrective action with respect to any sales person whom Defendants determine are not complying with this Stipulated Order, which may include training, disciplining, and/or terminating such sales person.

## XI. RECORD KEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with any business where the Defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where the business involves the promotion, offering for sale, or sale of business ventures or the assisting of others engaged in the promotion, offering for sale, or sale of business ventures, Defendants are hereby restrained and enjoined from failing to create and retain the following records:

A.  Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.  Records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaint and refund requests (whether received directly, indirectly or through any third party), and any responses to those complaints or refund requests; and

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials.

## XII. COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order, Defendants shall notify the Commission of the following:

(1) Any changes in any of the Defendant's residence, mailing address, or telephone numbers, within ten (10) days of the date of such change;

(2) Any changes in any Defendant's employment status (including self-employment) within ten (10) days of such change. Such notice shall include the name and address of each business that such Defendant is affiliated with or employed by, a statement of the nature of the business, and a statement of the Defendant's duties and responsibilities in connection with the business or employment; and

(3) Any proposed change in the structure of any business entity owned or controlled by any Defendant, such as the creation, incorporation, dissolution, assignment, sale, merger, creation or dissolution of subsidiaries, proposed filing of a bankruptcy petition, or change in the corporate name or address, or any other change that could affect compliance obligations arising out of

11

this Stipulated Order, thirty (30) days prior to the effective date of any proposed change;

B. One hundred eighty (180) days after the date of entry of this Order, Defendants shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which that Defendant has complied and is complying with this Order. This report shall include, but not be limited to:

(1) Defendants Nelson Barrero's, Eduardo Gonzalez's and Ileana Morales's current residence address and telephone number;

(2) Defendant Nelson Barrero's, Eduardo Gonzalez's and Ileana Morales's current employment, business addresses and telephone numbers, a description of the business activities of each such employer, and Defendant's titles and responsibilities for each employer;

(3) A copy of each acknowledgment of receipt of this Order obtained by Defendants pursuant to Section IX; and

(4) A statement describing the manner in which Defendant has complied and is complying with Sections I-IV of this Stipulated Order;

C. Upon written request by a representative of the Commission, Defendants shall submit additional written reports (under oath, if requested) and shall respond to any reasonable request to produce documents with respect to any conduct subject to this Order, within thirty (30) days from the date the request was received;

D. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Federal Trade Commission
Midwest Region, Regional Director
55 East Monroe Street, Suite 1860
Chicago, Illinois 60603
Re: FTC v. Stuffingforcash.com, Inc., et al.;

E.  For the purposes of this Section, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom any Defendant performs services as an employee, consultant, or independent contractor; and

F.  For purposes of the compliance reporting required by this Section, the Commission is authorized to communicate directly with Defendants, unless represented by counsel.

### XIII. COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

**IT IS FURTHER ORDERED** that the Commission is authorized to monitor Defendants' compliance with this Stipulated Order by all lawful means, including but not limited to the following means:

A.  The Commission is authorized, without further leave of Court, to obtain discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating Defendants' compliance with any provision of this Order;

B.  The Commission is authorized to use representatives posing as consumers and suppliers to any Defendant, any Defendant's employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.  Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 & 57b-1, to investigate whether Defendants have violated any provision of this Stipulated Order or Section 5 of the FTC Act, 15 U.S.C. § 45.

### XIV. ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, for the purpose of further determining compliance with this Order, Defendants shall permit representatives of the Commission, within three (3) business days of receipt of written notice from the Commission:

A.  Access during normal business hours to any office, or facility storing documents, of any business in which any Defendant is the majority owner or directly or indirectly manages or controls the business, and where the business involves the promotion, offering for sale, or sale of business ventures or assisting others engaged in the promotion, offering for sale, or sale of business ventures. In providing such access, Defendants shall permit representatives of the Commission to inspect and copy all documents relevant to any matter contained in this Stipulated Order; and shall permit Commission representatives to remove documents relevant to any matter contained in this Stipulated Order for a period not to exceed five (5) business days so that the documents may be inspected, inventoried, and copied; and

B.  To interview the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which sub-paragraph A of this Section XIV applies, concerning matters relating to compliance with the terms of this Order. The persons interviewed may have counsel present.

## XV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for all purposes.

The parties agree and stipulate to entry of the foregoing Stipulated Order, which shall constitute a final judgment in this action.

Dated: JAN 29, 2003

STEVEN M. WERNIKOFF
THERESE L. TULLY
Attorneys for Federal Trade Commission

Dated: 10/27/02

CHARLES L. JAFFE
Attorney for Defendants

14

Dated: __10/28/02__

STUFFINGFORCASH.COM, INC.
By: _____, President

Dated: __10/28/02__

SOUND PUBLICATIONS, INC.
By: __ILEANA MORALES__, President

Dated: __10/26/02__

AMERICAN PUBLISHING, INC.
By: _____, President

Dated: __10/28/02__

MAILMAX, INC.
By: __Ileana Morales__, President

Dated: __10/28/02__

NELSON BARRERO

Dated: __10/26/02__

EDUARDO GONZALEZ

Dated: __10/28/02__

ILEANA MORALES

**IT IS SO ORDERED.**

Dated: __1-30-03__

Hon. Charles R. Norgle
United States District Judge

15

## APPENDIX A

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STUFFINGFORCASH.COM CORP., a Florida )<br>corporation, AMERICAN PUBLISHING, INC., )<br>a Florida corporation, SOUND PUBLICATIONS, )<br>INC., a Florida corporation, MAILMAX, INC. )<br>a Florida corporation, NELSON BARRERO, )<br>individually, and as an officer of one or more of )<br>the above companies, EDUARDO GONZALEZ, )<br>individually, and as an officer of one or more )<br>of the above companies, and ILEANA M. )<br>MORALES, individually, and as an officer of )<br>one or more of the above companies, )<br>)<br>Defendants. )<br>_____ ) | Case No. 02 C 5022<br><br>Judge Charles R. Norgle<br><br>Magistrate Judge Geraldine Soat Brown |

I, _____, hereby state that the information contained in the Financial

Statements of Defendant_____ dated _____ that

were provided to the Federal Trade Commission was all true, accurate, and complete at that time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, ____

_____

**APPENDIX B**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STUFFINGFORCASH.COM CORP., a Florida )<br>corporation, AMERICAN PUBLISHING, INC., )<br>a Florida corporation, SOUND PUBLICATIONS, )<br>INC., a Florida corporation, MAILMAX, INC., )<br>a Florida corporation, NELSON BARRERO, )<br>individually, and as an officer of one or more of )<br>the above companies, EDUARDO GONZALEZ, )<br>individually, and as an officer of one or more )<br>of the above companies, and ILEANA M. )<br>MORALES, individually, and as an officer of )<br>one or more of the above companies, )<br>)<br>Defendants. )<br>) | Case No. 02 C 5022<br><br>Judge Charles R. Norgle<br><br>Magistrate Judge Geraldine Soat Brown |

**AFFIDAVIT OF _____**

I, _____, being duly sworn, hereby state and affirm as follows:

1. My name is _____. My current residence address is _____. I have personal knowledge of the facts set forth in this Affidavit.

2. I am a defendant in *FTC v. Stuffingforcash.com, Inc., et al.*, Case No. 02 C 5022 (N.D. Ill. 2002).

3. On _____, I received a copy of the Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress which was signed by the Honorable Charles R. Norgle, and entered by the Court on _____. A true and correct copy of the Order I received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, ____ at _____.

_____

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Notary Public
My Commission Expires:

2